IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JIMMY CARTER, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 4:09-CV-102-CDL-GMF |
| v. | : | |
| | : | 28 U.S.C. § 2254 |
| SHEILA OUBRE, Warden, | : | Habeas Corpus Petition |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

On August 13, 2009, Petitioner filed an application for federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). As the petition was not subject to summary dismissal pursuant to the Rules Governing Section 2254 Proceedings for the United States District Courts, Respondent was ordered to file responsive pleadings. (Doc. 9). Respondent filed the presently pending motion to dismiss the petition on December 21, 2009, contending that Petitioner's habeas application was untimely. (Doc. 15). Petitioner was notified of his right to respond, (Doc. 17), and did so on January 14, 22, and 26, 2010, (Docs. 20, 21, 22).

In his responses, Petitioner claimed that he was entitled to equitable tolling of the statute of limitations because he did not actually receive the state court's order denying habeas relief until March of 2008, although the order was signed and filed in January of 2007. Petitioner also asserts that the state court backdated its order in retaliation for Petitioner's complaint to the Judicial Qualifications Commission, wherein Petitioner contended that the state court failed to act promptly with respect to his case. (*See* Doc. 20

at 2-3). Petitioner asserted that he had tangible evidence that he did not receive the state habeas court's order until March 14, 2008, that he had diligently attempted to ascertain the status of his state habeas petition, and that he attempted to have his case heard in the Georgia Supreme Court before finally withdrawing his application for a certificate of probable cause to appeal. (*See, e.g.,* Doc. 20 at 2, 5). Because Petitioner failed to make this evidence a part of the record, however, the court was unable to determine when Petitioner actually received notice of the state habeas court's decision and whether he diligently attempted to ascertain the status of his state habeas court proceedings in the state courts. Petitioner was therefore ordered to supplement the record with the evidence he contended would support his claims. (Doc. 23). Petitioner timely responded to the court's order. (Doc. 24).[1]

As discussed at length in the court's show cause order, had Petitioner received the state court order denying habeas relief on the date indicated on the document's file stamp, the presently pending petition for habeas corpus would be time-barred. The court must therefore determine whether Petitioner's allegations that the state habeas court's order was backdated and/or that he did not actually receive the state habeas court's order until March 18, 2008 are sufficient to entitle Petitioner to equitable tolling. (*See, e.g.,* Doc. 20 at 2-3).

The Eleventh Circuit Court of Appeals has recognized that "'[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his

---

[1] Petitioner styled his response to the court's order as a "Motion to Supplement and Expand the Record." This motion is granted.

petition." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002) (alteration in original) (quoting *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (per curiam)). While equitable tolling remains "an extraordinary remedy which is typically applied sparingly, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Id.* (internal quotation marks and citations omitted). Thus, "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Id.* at 1288; *see also Knight v. Schofield*, 292 F.3d 709, 710-11 (11th Cir. 2002) (per curiam) (finding that equitable tolling was permitted when state court notified wrong person of decision in petitioner's case, causing eighteen-month delay in notification of petitioner). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286.

The only tangible evidence produced by Petitioner in support of his contention that the state court backdated his order is the envelope from the Baldwin County Superior Court that contained a copy of the final order. The order appears to have been filed on January 29, 2007, but the envelope was stamped by the prison mailroom as received March 14, 2008. (Doc. 24-2 at 1, 12). Petitioner argues that "[i]f the final order was sent to me in Jan., 2007 that would have concluded my business with the Baldwin County Superior Court. Why would they send me privileged legal mail, dated March 14, 2008, if my allegations were not true." (Doc. 24

3

at 2). Petitioner's logic is flawed. In one of his responses to Respondent's motion to dismiss, Petitioner observed that he received a copy of the state court's decision after he filed a complaint with the Judicial Qualifications Commission, alleging that the judge "fail[ed] to dispose promptly of the business of the court[.]" (Doc. 20 at 2). It is as just as reasonable to infer that the state court delivered Petitioner a copy of his order after they realized that Petitioner was complaining he had not received it as it is to infer that the court backdated the order in retaliation for Petitioner's complaint. At best, the dated envelope provided by Petitioner is some evidence that Petitioner did not actually receive the order until the date stamped on the envelope.

Even assuming *arguendo* that the date-stamped envelope is sufficient to prove that Petitioner never received an earlier copy of his order, however, Petitioner has also failed to produce any tangible evidence that he diligently attempted to ascertain the status of his state habeas petition. *See Powe v. Culliver*, 205 F. App'x 729, 732 (11th Cir. 2006) (per curiam) ("[E]ven if a prisoner shows that 'extraordinary circumstances' occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling."); *see also Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 n.7 (11th Cir. 2004) (per curiam) ("Because we conclude that [petitioner] cannot establish due diligence, we need not address his suggestion that extraordinary circumstances are established here . . . ."). Petitioner's state court habeas hearing was held on August 23, 2005, (*see* Doc. 20 at 1), and Petitioner has failed to produce any tangible evidence that he inquired as to the status of his case in the two-and-a-half years between his hearing and the date he contends he finally received the state

4

court's order. Instead, Petitioner simply states that "[o]ver the years, of waiting on the state habeas court to rule on my case, I have destroyed the letters to the habeas court, asking when they would reach a decision, just to be told there was no decision." (Doc. 24 at 4). Petitioner alleges that he "inquired at least every 2-3 months, while waiting, until I filed the complaint with the Judicial Qualifications Commission, against Judge Hugh Wingfield III, for undue delay and abuse of discretion." (Doc. 24 at 5).[2]

Petitioner's uncorroborated assertions are insufficient to establish that he acted diligently. *See, e.g., Drew*, 297 F.3d at 1288 (finding that district court did not clearly err in determining that petitioner was not diligent when petitioner waited approximately sixteen months to ascertain the status of his first habeas petition in the district court); *Wiggins v. Thompson*, 197 F. App'x 822, 824 (11th Cir. 2006) (per curiam) (affirming district court's finding that petitioner failed to act diligently when record reflected that petitioner had not made any attempt to learn the status of his case from December 2001 through September 2003); *Ilarion v. Crosby*, 179 F. App'x 653, 654 (11th Cir. 2006) (per curiam) (observing that the Eleventh Circuit has held that "a prisoner was not entitled to equitable tolling where he claimed to have contacted the state court by mail, but did not provide any copies of the letters, did not make attempts to contact the court in any other manner, and was not given assurance of notification by the state court"); *cf. Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (per curiam) (finding that petitioner was diligent even though he did not inquire about status

---

[2] Petitioner also failed to retain a copy of his complaint with the Judicial Qualifications Commission, although he states that he filed this complaint "[a]fter two years of waiting." (Doc. 24 at 4).

of his case for eighteen months because he had been assured by court clerk that he would be notified when court had made a decision).  Petitioner has not produced copies of the letters he sent to state court, nor has he attempted to secure prison mail logs or produce any other evidence suggesting that he repeatedly contacted the lower courts to ascertain the status of his case.  *See, e.g., Drew*, 297 F.3d at 1288 (noting that petitioner had requested a copy of the prison mail log detailing all of his incoming and outgoing legal mail during the relevant time period).  Petitioner has therefore failed to meet his burden of demonstrating that he is entitled to the extraordinary remedy of equitable tolling.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED.  Under 28 U.S.C. § 636(b)(1), Petitioner may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 23rd day of March, 2010.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mkw